**UNITED STATES of America,
Plaintiff,**

v.

**Charles MEYERS and Jack Scoville,
Defendants.**

**Crim. No. 75–27–E.**

United States District Court,
E. D. Illinois.

June 18, 1975.

Henry A. Schwarz, U. S. Atty., Jack A. Strellis, Michael J. Nester, Asst. U. S. Atty., East St. Louis, Ill., for plaintiff.

James J. Gomric, Belleville, Ill., Bruce N. Cook, East St. Louis, Ill., for defendant Scoville.

James J. Gomric, Belleville, Ill., for defendant Meyers.

## ORDER

FOREMAN, District Judge:

This case presents the novel and interesting question whether candidates for political office can obtain property (i. e. $6000) from another with that person's consent induced under color of official right within the meaning of 18 U.S.C. § 1951.[1] The indictment alleges that the defendants conspired to obtain this payment in consideration for their future official acts.

Pursuant to a stipulation of the parties, it appears that defendants Charles Meyers and Jack Scoville were candidates for position of Trustees of the East Side Levee and Sanitary District in October, 1972. The two defendants met with the complaining witnesses during that month. The indictment charges that a conspiracy was formed at this time. It is also alleged that money was paid to the defendants in October, 1972. Subsequently Meyers and Scoville were elected Trustees on November 7, 1972 and formally assumed office on December 6, 1972.

Both defendants have filed motions to dismiss, contending that since they were not public officials they could not have received property under color of official right. The Government does not contend that the defendants were public officials at the time they received the money.

Until fairly recently there were very few prosecutions brought pursuant to § 1951 relying solely upon subsection (b)(2)'s definition of extortion as "the obtaining of property under color of official right". See United States v. Staszcuk, 502 F.2d 875 (7th Cir. 1974). The Court has been unable to find any cases where a mere candidate for public office has been prosecuted under this subsection.

In deciding a related issue the Third Circuit noted:

"While private persons may violate the statute only by use of fear and public officials may violate the act by use of fear, persons holding public office may also violate the statute by a wrongful taking under color of official right . . . The 'under color of official right' language plainly is disjunctive. That part of the definition repeats the common law definition of extortion, a crime which could only be committed by a public official and which did not require proof of threat, fear, or duress." United States v.

---

1. The relevant portions of the statute are set forth below:

(a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined not more than $10,000 or imprisoned not more than twenty years, or both.

(b) * * *

(1) * * *

(2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or treated force, violence, or fear, or under color of official right.

Kenny, 462 F.2d 1205 at 1229 (3rd Cir. 1972).

The Seventh Circuit recently cited with approval this exact portion of the *Kenny* opinion. United States v. Crowley, 504 F.2d 992 (7th Cir. 1974).

The *Kenny* court also noted, "It has been held that the 'under color of official right' language may have no applicability to extortionate acts committed by private individuals." *Kenny* at 1229. The only case cited in support of that proposition, however, does not support the principle cited.

In perhaps the only real attempt to interpret the relevant statutory language, the Seventh Circuit stated,

"The use of office to obtain payments is the crux of the statutory requirement of 'under color of official right', and appellants' wrongful use of official power was obviously the basis of this extortion. . . . So long as the motivation for the payment focuses on the recipient's office, the conduct falls within the ambit of 18 U.S.C. § 1951." United States v. Braasch, 505 F.2d 139, 151 (7th Cir. 1974).

While this language is certainly not free from ambiguity as applied to the factual situation in the case at bar, nevertheless, it is instructive. In this case, the "crux of the statutory requirement" (i. e. the use of office) is lacking.

The Government claims that the defendants were in a viable position to obtain public office at the time they entered into the conspiracy. This viable position, the Government contends, established a reasonable basis of belief on the part of the contractors that the defendants had the power to control the awarding of contracts of the East Side Levee and Sanitary District in the future. The only two cases cited by the Government do not support this proposition and are clearly distinguishable.

In United States v. Emalfarb, 484 F.2d 787 (7th Cir. 1973), it is not even clear that the defendant was even indicted for the "under color of official right" subsection of § 1951. Moreover, the defendant in that case was working in close alliance with an elected public official. The issue in that case "was not whether the defendant had the power to have [the victim's] trucks stopped and ticketed but whether it was reasonable for [the victim] to believe that he had that power." (484 F.2d at 789). In the instant case it appears that the alleged victims clearly understood that the defendants were only candidates for public office, and, of course, were unable to exercise any official power.

Similarly United States v. Price, 507 F.2d 1349 (4th Cir. 1975) offers no solace to the Government. In that case the defendant was Chairman of the Charleston, South Carolina County Council. He received $12,000 for his assurance that the donor motel would receive an occupancy permit. The Fourth Circuit affirmed the defendant's conviction over his objection that as County Council Chairman, he had no *de jure* power to issue the occupancy permit. In sharp contrast to the case at bar, in *Price* the defendant clearly held a public office. Moreover, in that case the Fourth Circuit approved a trial court instruction which *inter alia* defined "under color of official right" as a "wrongful taking *by a public officer* of money not due him, or his office." (Emphasis added) (507 F.2d at 1350). In both *Price* and *Emalfarb,* the defendants raised the defense of impossibility, while the defendants in the instant case do not.

The Government also asserts that the defendants are charged with "obtain-[ing] property under color of official right" and also points out that they are not charged with "under color of official right they conspired". The significance of this distinction, the Government claims, is that the words "under color of official right" modify conspiracy rather than the words "obtaining property from another". Even this analysis can not as-

**1070**

sist the Government because of the inescapable conclusion that the agreement to pay money to the defendants was entered prior to the time the defendants were elected. The money was also paid to the defendants prior to the time they were elected.

█ The defendants were never clothed with official privileges and duties, elements usually considered essential to the commission of extortion under color of official right. See 31 Am. Jur.2d Extortion, Blackmail & Threats § 2, 35 C.J.S. Extortion § 5. Nor could they be considered *de jure* or *de facto* public officials. Furthermore, at common law and by some state statutes, extortion was a crime which only a public official could commit. See e. g. State v. Weleck, 10 N.J. 355, 371–372, 91 A.2d 751, 759 (1952). See generally H. Stern, Prosecutions of Local Political Corruption Under the Hobbs Act; The Unnecessary Distinction Between Bribery and Extortion, 3 Seton Hall Law Review 1, 14–16 (1971). In United States v. Nardello, 393 U.S. 286, 289, 89 S.Ct. 534, 536, 21 L.Ed.2d 487 (1969), Chief Justice Warren stated, "At common law a public official who under color of office obtained the property of another not due either to the office or the official was guilty of extortion." These cases, of course, are not binding in the instant case, but they are helpful, because in construing a federal criminal statute, which uses a term of established common law meaning, the general practice is to apply that meaning to the term. United States v. Turley, 352 U.S. 407, 411, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957).

█ The Government's attempts to expand the jurisdiction of the Hobbs Act stretch that statute beyond its breaking point. A mere candidate for public office can not obtain property from another with that person's consent induced under color of official right.

Accordingly, defendants' Motions to Dismiss are hereby GRANTED.